## No. 32,291

Tootle-Lacy National Bank of St. Joseph, Missouri, *Appellant,* v. The Bank of Scandia, Charles W. Johnson, Receiver, et al., *Appellees.*

(45 P. 2d 593)

Opinion filed June 8, 1935.

*H. Templeton Brown,* of St. Joseph, Mo., for the appellant.

*R. E. McTaggart* and *W. C. Perry,* both of Belleville, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one by the Tootle-Lacy National Bank of St. Joseph, Mo., against the receiver of the failed bank of Scandia, Kan., to establish a preferred claim upon the assets of the Scandia bank. Preference was denied, and the St. Joseph bank appeals.

Depositors in the Scandia bank gave checks on their accounts,

payable to the St. Joseph bank, aggregating $158. The St. Joseph bank forwarded the checks to the Scandia bank. The checks were received by the Scandia bank on October 15, and were charged to the accounts of the depositors, who had on deposit funds to meet the checks. On the same day the Scandia bank drew its draft for the amount on the Peoples National Bank of Kansas City, Mo., payable to the St. Joseph bank, and forwarded the draft to the St. Joseph bank. On October 17 the St. Joseph bank forwarded the draft to the Federal Reserve Bank of Kansas City, Mo., for clearance. On October 18 the Federal Reserve Bank presented the draft to the Peoples National Bank for payment, and payment was refused because the Scandia bank had failed on October 17. On October 15, and on October 18, the Scandia bank had on deposit with the Peoples National Bank sufficient funds to meet the draft.

The letter of the St. Joseph bank which transmitted the checks to the Scandia bank was as follows:

"We enclose for collection and immediate return in St. Joseph, Chicago or New York exchange, as listed below."

The St. Joseph bank says the Scandia bank was agent for the St. Joseph bank, to collect the checks, and so the Scandia bank occupied a fiduciary relation to the St. Joseph bank. Granted, but that did not entitle the St. Joseph bank to a preference.

The letter of the St. Joseph bank transmitting the checks to the Scandia bank for collection negatived the idea that the proceeds of the checks, when collected, were to be treated as a trust fund. The Scandia bank was directed to make return by exchange, drawn on its own credit with another bank. The proceeds of collection became part of the general assets of the Scandia bank, and the claim of the St. Joseph bank upon those assets was simply that of a general creditor. The principle was recognized and applied in the case of *Colorado & S. Rly. Co. v. Docking,* 124 Kan. 48, 257 Pac. 743, and is supported both by reason and authority. (Annotation 90 A. L. R. 28, IV, *a* and *b.*) In the case of *Peoples State Bank v. Burlington State Bank,* 128 Kan. 274, 277 Pac. 39, cited by the St. Joseph bank, the direction of the forwarding bank was "for returns." In the present case the direction was, in effect, "Use the money collected as your own and send us your draft on your St. Joseph, Chicago, or New York correspondent, for the amount."

The St. Joseph bank says the Scandia bank violated instructions with reference to designated method of return, which was by St.

Joseph, Chicago, or New York exchange. Granted. But the St. Joseph bank did not return to the Scandia bank the draft on the Peoples National Bank of Kansas City. The St. Joseph bank accepted that draft, and put it in course of collection. The result was, the St. Joseph bank ratified the method of remittance chosen by the Scandia bank.

The judgment of the district court is affirmed.